UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN, | No. 2:23-cv-01400-DJC-CKD |
| Petitioner, | |
| v. | ORDER AND |
| BRYAN D. PHILLIPS, | FINDINGS & RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se an in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is petitioner's first amended § 2254 petition docketed on September 18, 2023. For the reasons that follow, the undersigned recommends summarily dismissing the amended federal habeas petition.

**I.     Factual and Procedural History**

According to the first amended habeas application, petitioner was convicted of making a criminal threat in violation of California Penal Code § 422 following a jury trial in the Sacramento County Superior Court. ECF No. 13 at 1. He was sentenced to a determinate term of 17 years in prison. This sentence was calculated by doubling the base term of three years based on petitioner's prior strike conviction and adding two additional five years terms for prior serious felony convictions plus an additional one year term for having served a prior prison sentence. See ECF No. 13 at 17.

The only state court remedies that petitioner has exhausted is a motion to amend his

abstract of judgment and for re-sentencing. ECF No. 13 at 2-3. The trial court denied this motion on June 2, 2023. Id.

On August 14, 2023, this court dismissed petitioner's original § 2254 application because it failed to comply with Rule 2 of the Rules Governing Section 2254 Cases. Petitioner was granted leave to file an amended § 2254 petition that contained all of his claims for relief in a single pleading.

In the amended § 2254 application, petitioner raises four claims for relief. First, petitioner contends that the trial court erred when it improperly imposed three illegal sentencing enhancements totaling eleven years. Next, petitioner asserts that the trial judge illegally sentenced petitioner based on its finding that petitioner had sustained two prior convictions. Third, petitioner alleges that the abstract of judgment does not reflect his correct sentence. Lastly, petitioner argues that his sentence is illegal because he did not serve separate prison terms for his prior convictions. Petitioner relies on various provisions of California sentencing law in support of his claims for relief.

**II.   Analysis**

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review and determined that petitioner's first amended habeas application raises only challenges to state sentencing laws that are not cognizable in this federal habeas corpus action. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (emphasizing that "[w]e have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, petitioner is challenging the trial court's application of various provisions of California state sentencing law. See Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (emphasizing that it is not the federal courts role to determine whether California applied its state laws and regulations correctly). Petitioner's claims are solely concerned with the

application of state sentencing laws and are therefore not cognizable in this federal habeas action. Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (declining to address whether assault with a deadly weapon qualifies as a "serious felony" under California's sentence enhancement provisions because it is a question of state sentencing law, for which habeas relief is unavailable).  For these reasons, the court will recommend that petitioner's first amended petition for writ of habeas corpus be summarily dismissed.

### III.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Because your claims are based exclusively on the application of state sentencing laws, they are not reviewable by this court in this federal habeas corpus action.  It is thus recommended that your amended habeas petition be dismissed.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review the matter and issue the final decision.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for the status of his case (ECF No. 14) is denied as moot in light of these Findings and Recommendations.

IT IS FURTHER RECOMMENDED that petitioner's first amended application for a writ of habeas corpus (ECF No. 13) be summarily dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gree1400.summ.dismiss